UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| FROILAN QUIROZ MEDINA<br><br>           Plaintiff,<br>     v.<br><br>KEVIN MCALEENAN, Acting U.S. Secretary of Homeland Security; JOHN SANDERS, Acting Commissioner of U.S. Customs and Border Protection; STEVEN CARMAN, USCBP Albuquerque Port Director; U.S. CUSTOMS AND BORDER PROTECTION, an agency of the United States; MARK MORGAN, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, an agency of the United States; in their official capacity,<br><br>           Defendants. | Case No.: 19-CV-537<br><br><br><br>DHS No.: A 091-046-932 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.     Plaintiff, Froilan Quiroz Medina, a long time Lawful Permanent Resident (LPR) of the United States respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to admit Plaintiff to the United States without further delay.  Alternatively, if Defendants deem Plaintiff to not be admissible to the United States, Plaintiff asks the Court to compel Defendants to file the Notice to Appear (NTA) charging document issued in October 2018 with the Immigration Court so that Plaintiff can hold Defendants to their burden and vindicate his rights.  Plaintiff returned to the United States on July 6, 2014 after a brief trip abroad.  Customs and Border Protection (CBP) officials confiscated

1

Plaintiff's LPR card and did not admit him to the United States. He was instead paroled into the United States and he was issued an NTA. Plaintiff remains paroled (not admitted) to the United States for almost 5 years and in this time he has to regularly check in with Department of Homeland Security officials and his freedom is restricted while his status is in limbo.

## JURISDICTION AND VENUE

2. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with

this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel DHS officials to either admit Plaintiff or to file the NTA with the immigration court, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. The 10th Circuit Court of Appeals has construed 8 U.S.C. § 1252 narrowly and has consistently found it lacks jurisdiction to review anything outside of a removal order. *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1243 (10th Cir. 2012); *Hamilton v. Gonzales*, 485 F.3d 564, 565–66 (10th Cir.2007); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir.2006) ("We have general jurisdiction to review only a final order of removal."); *Abiodun v. Gonzales*, 461 F.3d 1210, 1217 (10th Cir.2006); *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir.2004).

    5. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because action in either admitting an LPR or filing an NTA to try to remove him from the United States is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*,

607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application.").

6. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. No exhaustion requirements applies to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – either admitting him as a returning LPR or filing the NTA with the immigration court. Defendants have unreasonably delayed and failed to do either of the above for almost 5 years. Plaintiff has no other adequate remedy available for the harm he seeks to redress.

## PARTIES

8. Plaintiff Froilan Quiroz Medina is citizen of Mexico. He is a Lawful Permanent Resident of the United States.

9. Defendant Kevin McAleenan is the Acting Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

10. Defendant John Sanders is the Acting Commissioner of United States Customs and Border Protection (CBP) of the DHS and as such is charged with the administration and

enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and admission of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  He is sued in his official capacity only.

11. Defendant Steven Carman is the Albuquerque Port Director of United States Customs and Border Protection (CBP) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and admission of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  He is sued in his official capacity only.

12. United States Customs and Border Protection is an agency of the United States in charge of admitting returning LPRs to the United States and if necessary issuing NTAs for commencement of removal proceedings for those not admissible to the United States.

13. Mark Morgan is the Acting Director of the United States Immigration and Customs Enforcement (ICE) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and admission of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  He is sued in his official capacity only.

14. United States Immigration and Customs Enforcement is an agency of the United States in charge of prosecuting removal proceedings and removing aliens who are subject to removal orders from the United States.

15. Defendants are in charge of admitting aliens to the United States or placing them in removal proceedings in an effort to try to remove them from the United States.

## **LEGAL FRAMEWORK**

16. Lawful Permanent Residents who return from a brief trip abroad are generally not deemed to be seeking admission to the United States. 8 U.S.C. § 1101(a)(13)(C).

17. There are exceptions to the above statute. One of the exceptions is when an LPR has "committed an offense identified in section 1182(a)(2) of this title." 8 U.S.C. § 1101(a)(13)(C)(v).

18. In a case when CBP officials know or have reason to believe that a returning LPR is regarded as seeking admission because of the commission of an offense specified in statute, they must parole the returning LPR to the United States, issue an NTA, and take steps to ensure the NTA is filed with the Executive Office for Immigration Review (EOIR), otherwise known as immigration court.

19. Issuance of the NTA does not commence removal proceedings. It is the *filing* of the NTA with EOIR that commences removal proceedings. 8 C.F.R. § 1239.1(a).

20. In such a proceeding where DHS is charging a returning LPR as seeking admission under 8 U.S.C. § 1101(a)(13)(C)(v), the burden of proof is on the government to prove that the statutory exception applies. *Matter of Rivens*, 25 I&N Dec. 623 (BIA 2011).

21. The immigration judge has the power to either admit or remove the alien depending on whether DHS meets its burden of proof.

## **FACTUAL AND PROCEDURAL BACKGROUND**

22. On or about July 6, 2014, Plaintiff was returning to the United States after a brief trip abroad.

23. He attempted to enter at the Santa Teresa Port of Entry in southern New Mexico.

24. CBP officials stopped Plaintiff, paroled him into the United States, and directed him to check in with CBP officials at the Albuquerque CBP Port of Entry.

25. Officials at the Albuquerque Port of Entry issued him an NTA on August 5, 2014 charging him as inadmissible under 8 U.S.C. §1182(a)(2)(A)(i)(I) for allegedly having committed an offense classified as a crime involving moral turpitude (CIMT). Exhibit 1.

26. Plaintiff has been checking in with DHS officials regularly for years since the above event.

27. Plaintiff retained undersigned counsel's firm in late 2017 in an effort to either have the NTA cancelled and Plaintiff admitted, or to have the NTA filed so Plaintiff can vindicate his rights in immigration court.

28. After repeated inquiries with both CBP and ICE, ICE officials issued Plaintiff a new NTA on October 3, 2018 but that second NTA was not filed either. Exhibit 2.

29. No action has been taken in either admitting Plaintiff to the United States or commencing removal proceedings by filing the NTA with EOIR.

30. Plaintiff is essentially left in legal limbo.

31. Plaintiff's freedom is restricted since he is currently required to check in with DHS officials and has conditions on his "parole."

32. Plaintiff cannot travel outside the United States.

33. Although Plaintiff remains an LPR until an immigration judge orders him removed, he currently has no proof of LPR status and is restricted from many routine life activities such as obtaining employment, bank loans, a REAL ID driver's license, etc.

34. Plaintiff continues to suffer prejudice to this day.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

35. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

36. Defendants in this case have failed to either cancel the NTA and admit Plaintiff to the United States or file the NTA with EOIR as they are required to do. This failure to act is against the law, has caused, and continues to cause harm to Plaintiff. Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

37. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

38. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702. Plaintiff is aggrieved by agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704.

39. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2). The delays are a violation of the APA which mandates that a decision be made in a timely manner.

### COUNT THREE

### RELIEF UNDER THE MANDAMUS ACT

40. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

41. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs. Defendants have failed to act as they are required by law.

42. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

43. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking admission.

44. Defendants have failed to act and have left Plaintiff in legal limbo. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

45. The Defendants owe the Plaintiff a duty to either admit him or to file the NTA with EOIR pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754,

9

761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain admission or filing of the NTA, and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

46. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited almost 5 years for adjudication of application for admission or filing of the NTA, well beyond what is the norm in these types of matters. This is an unacceptable and unreasonable delay.

47. The Plaintiff is entitled to action and Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

48. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A. Assume jurisdiction over the matter;

B. Issue a declaratory judgment holding that Defendants' unreasonable delay in either admitting Plaintiff to the United States or filing the NTA with EOIR is unlawful and contrary to law.

C. Order Defendants and those working under them to either:

  i. immediately admit Plaintiff to the United States as a returning LPR, or

  ii. immediately file the NTA with EOIR.

A. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

B. Grant any and all further relief this Court deems just and proper.

Dated this 11th day of June 2019.

/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
olsi@noblelawfirm.com